UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED FITZGERALD HOOD,<br><br>           Plaintiff,<br><br>    v.<br><br>ROSEN, *et al.*,<br><br>           Defendants. | Case No.  2:23-cv-01980-KJM-JDP (PC)<br><br>SCREENING ORDER FINDING THAT THE COMPLAINT FAILS TO STATE A COGNIZABLE CLAIM AND GRANTING AN OPPORTUNITY TO AMEND<br><br>ECF No. 1<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DENYING HIS MOTION TO APPOINT COUNSEL<br><br>ECF Nos. 2 & 8 |

Plaintiff, an inmate at the Sierra Conservation Center, alleges that defendants Anderson, Rosen, Mara, Patton, Klein, and Rossi—all officers with the Roseville police department—and Rosen, a physician at the Sutter Roseville Medical Center, violated his rights in varied and ambiguous ways.  The complaint, as articulated, does not meet federal pleading standards.  I will give plaintiff leave to amend and will also grant his application to proceed *in forma pauperis*. ECF No. 2.  I will deny his motion to appoint counsel. ECF No. 8.

1

**Screening Order**

**I.     Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

Plaintiff alleges several violations of his rights, and I cannot tell how, if at all, they are connected. Additionally, each violation of his right is ambiguously alleged and the facts at issue are hazy.

First, plaintiff alleges that the Roseville police department and Sutter Medical Center "documented" him in two different locations at the same time. ECF No. 1 at 3. In connection with this claim, he alleges that defendants Patton, Klein, and Rossi illegally confiscated his driver's license and that defendant Rosen "staged" a medical appointment that never occurred. *Id.* On the complaint form, plaintiff alleges that the injury in question was defendant Mara punching him in the face while he slept, and officer Patton putting a gun to his chest and threatening him. *Id.* Plaintiff offers no context for any of these claims.

Second, he claims that defendants Mara, Patton, Klein, and Rossi responded to a loud music complaint in Roseville and trespassed onto private property (presumably plaintiff's). *Id.* at 6. Plaintiff alleges that the officers conducted an illegal search and seizure on the property, but he does not offer any specifics. *Id.* He also alleges that defendant Mara assaulted him during the search, but he does not state whether this is a reference to the assault mentioned in the first claim or a different incident. *Id.*

Third and finally, plaintiff alleges that defendant Rosen, a physician, improperly billed his insurance and is under investigation for malpractice. *Id.* at 7. He does not offer any specifics on the malpractice or whether he was the victim. Plaintiff goes on to allege that Sutter Roseville Medical Center and the Roseville police department are conspiring to commit crimes together, the specifics of which are unalleged. *Id.*

The complaint cannot proceed in its current form because no defendant could reasonably be expected to understand and contextualize the piecemeal allegations it sets forth. Plaintiff may amend and offer a better explanation of his claims. He is advised that the amended complaint will supersede the current one. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.

3

I will deny plaintiff's request for appointment of counsel.  ECF No. 8.  Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and I lack the authority to require an attorney to represent him.  *See Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989).  I may request the voluntary assistance of counsel.  *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525.  However, without a means to compensate counsel, I will seek volunteer counsel only in exceptional circumstances.  In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

I cannot conclude that exceptional circumstances requiring the appointment of counsel are present here.  Plaintiff has not demonstrated that he is likely to succeed on the merits and, at this point, I cannot say that he is incapable of articulating his claims on his own.  For these reasons, plaintiff's motion to appoint counsel, ECF No. 8, is denied without prejudice.

Accordingly, it is ORDERED that:

1. Within thirty days from the service of this order, plaintiff may file an amended complaint.  If he does not, I will recommend this action be dismissed for failure to state a claim.

2. The Clerk of Court shall send plaintiff a section 1983 complaint form with this order.

3. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

4. Plaintiff's motion to appoint counsel, ECF No. 8, is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   November 29, 2023             _____
                                        JEREMY D. PETERSON
                                        UNITED STATES MAGISTRATE JUDGE