UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED FITZGERALD HOOD,<br><br>   Plaintiff,<br><br>  v.<br><br>ROSEN, *et al.*,<br><br>   Defendants. | Case No. 2:23-cv-01980-KJM-JDP (PC)<br><br>**ORDER**<br><br>FINDING THAT THE AMENDED COMPLAINT STATES A COGNIZABLE EXCESSIVE FORCE CLAIM AGAINST DEFENDANTS MARA, PATTON, AND ANDERSON<br><br>DIRECTING TO PLAINTIFF TO INDICATE HIS INTENT TO PROCEED ONLY WITH THOSE CLAIMS OR DELAY SERVING ANY DEFENDANT AND FILE ANOTHER AMENDED COMPLAINT<br><br>ECF No. 13<br><br>RESPONSE DUE WITHIN THIRTY DAYS |

   Plaintiff, a former inmate, alleges that defendants Anderson, Mara, Patton, Klein, and Rossi, officers with the Roseville police department and, Rosen, a physician at the Sutter Roseville Medical Center, violated his rights. Specifically, he alleges that the officer defendants used excessive force against him during his arrest, ECF No. 13 at 5-7, and that defendant Rosen committed malpractice and somehow assisted the Roseville Police Department in framing him, *id.* at 9. After review of the amended complaint, I find that it states viable excessive force claims against defendants Mara, Patton, and Anderson. No other claims are viable. Plaintiff may either

proceed only with the viable claims, or delay serving any defendant and file another amended complaint.

## Screening Order

### I.  Screening and Pleading Requirements

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

Plaintiff alleges that the officer defendants used excessive force against him during an arrest on July 31, 2020.  ECF No. 13 at 5-7.  He claims that he was sleeping in his car with the music on when officers Mara and Patton woke him.  *Id.*  He claims that Patton unnecessarily pointed a gun at his chest and that Mara punched him in the face, opened the car door, and forced him onto the ground.  *Id.* at 6-7.  Plaintiff claims that defendant Anderson was present, and, construed liberally, the complaint states a viable claim for failure to intervene against him.  *Id.* at 7.  These excessive force claims fall under the Fourth Amendment insofar as plaintiff alleges that he was a free citizen at the time of the arrest.

Plaintiff's other claims fare less well.  I see no actionable allegations against defendants Klein and Rossi, although both are named in the caption of the complaint.  And plaintiff's allegations against the physician, Rosen, are too vague to give rise to a federal claim.  Plaintiff appears to allege that Rosen helped the Roseville Police Department in some way by making some unauthorized alteration to medical records.  *Id.* at 11.  This vague allegation is insufficient to sustain a claim and, moreover, it does not appear related to the excessive force claims against the officer defendants.

Plaintiff may either proceed only with the claims identified as cognizable in this order, or he may delay serving any defendant and file another amended complaint.  He is advised that the amended complaint will supersede the current complaint.  *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).  The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Within thirty days from the service of this order, plaintiff may either indicate his intent to proceed only with his cognizable Fourth Amendment claims or he should file an amended complaint.  If he fails to do either, I may recommend this action be dismissed for failure to prosecute.

2. The Clerk of Court shall send plaintiff a section 1983 complaint form with this order.

IT IS SO ORDERED.

Dated:   March 11, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE