UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED FITZGERALD HOOD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROSEN, *et al.*,<br><br>　　　　　Defendants. | Case No.  2:23-cv-01980-KJM-JDP (PC)<br><br>**ORDER**<br><br>FINDING THAT THE AMENDED COMPLAINT STATES A COGNIZABLE EXCESSIVE FORCE CLAIM AGAINST DEFENDANTS MARA, PATTON, AND ANDERSON<br><br>ECF No. 17<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>THAT THE CLAIMS AGAINST THE CITY OF ROSEVILLE BE DISMISSED<br><br>OBJECTIONS DUE IN FOURTEEN DAYS |

　　　Plaintiff, proceeding *pro se*, alleges that defendants Anderson, Mara, Patton—all officers with the Roseville police department—and the city of Roseville itself, violated his rights. Specifically, he alleges that the officer defendants used excessive force against him during his arrest and committed an illegal search and seizure. ECF No. 17 at 3-4. These allegations are cognizable and should proceed past screening. By contrast, plaintiff's claim against Roseville itself for a false prosecution should, for the reasons stated hereafter, be dismissed.

**Screening Order**

**I.      Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

Plaintiff alleges that the officer defendants used excessive force against him during an arrest on July 31, 2020. ECF No. 17 at 3-4. He claims that he was sleeping in his car with the music on when officers Mara and Patton woke him. *Id.* He claims that Patton unnecessarily

2

pointed a gun at his chest and Mara punched him in the face, opened the car door, and forced him onto the ground. *Id.* Plaintiff claims that defendant Anderson was present and orchestrated the misconduct alleged above. *Id.* Construed liberally, the complaint states a viable claim for failure to intervene against Anderson. *Id.* These excessive force claims fall under the Fourth Amendment insofar as plaintiff alleges that he was a free citizen at the time of the arrest. These claims also state a potentially cognizable claim for illegal search and seizure of his vehicle, also falling under the Fourth Amendment.

Plaintiff's other claim is not cognizable. He alleges that Roseville itself violated his rights by falsely charging him in connection with the incident described above. *Id.* at 5. This claim fails because, when a district attorney brings charges in California, they act as an officer of the state rather than of the city or county. *See Sanders v. City & Cnty. of San Francisco*, 226 F. App'x 687, 692 (9th Cir. 2007) ("When deciding whether to prosecute an individual, a district attorney in California acts not as an officer of the city or county, but as an officer of the state. The City and County of San Francisco thus cannot be held liable for Hallinan's decision to convene a grand jury, to secure an indictment against appellants, and subsequently to have them arrested.").

Accordingly, it is ORDERED that:

1. This action shall proceed based on plaintiff's Fourth Amendment excessive force and illegal search and seizure claims against defendants Mara, Patton, and Anderson.

2. The Clerk of Court shall send plaintiff three USM-285 forms, a summons, a Notice of Submission of Documents form, an instruction sheet, and a copy of the complaint filed April 15, 2024, ECF No. 17.

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the court with the following documents:

    a.     one completed summons for the defendants;

    b.     three completed USM-285 forms; and

    c.     four copies of the signed April 15, 2024 complaint.

4. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the U.S. Marshals Service to serve the above defendants pursuant to Federal Rule of Civil Procedure 4, without payment of costs by plaintiff.

5. The failure to comply with this order may result in the dismissal of this action.

Further, it is RECOMMENDED that plaintiff's false prosecution claim against the City of Roseville be DISMISSED without leave to amend as non-cognizable.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    July 26, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALFRED FITZGERALD HOOD,

        Plaintiff,

  v.

ROSEN, *et al.*,

        Defendants.

Case No. 2:23-cv-01980-KJM-JDP (PC)

NOTICE OF SUBMISSION OF DOCUMENTS

In accordance with the court's Screening Order, plaintiff must submit:

   __1__      completed summons form

   __3__      completed forms USM-285

   __4__      copies of the April 15, 2024 complaint

1
2                                                                              _____
3                                                                                         Plaintiff
4        Dated:
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28