UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED FITZGERALD HOOD, | Case No. 2:22-cv-1980-KJM-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| ROSEN, *et al.*, | |
| Defendants. | |

On November 12, 2024, defendants filed a motion to dismiss. ECF No. 26. Instead of filing a response to the motion, plaintiff has filed a motion for appointment of counsel. ECF No. 27.

To manage its docket effectively, the court requires litigants to meet certain deadlines. The court may impose sanctions, including dismissing a case, for failure to comply with its orders or local rules. *See* Fed. R. Civ. P. 41(b); E.D. Cal. L.R. 110; *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988). Involuntary dismissal is a harsh penalty, but a district court has a duty to administer justice expeditiously and avoid needless burden for the parties. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); Fed. R. Civ. P. 1.

I will give plaintiff a chance to explain why the court should not dismiss the case for his failure to file an opposition or statement of non-opposition to defendants' motion. Plaintiff's

1

failure to respond to this order will constitute a failure to comply with a court order and will result in a recommendation that this action be dismissed. Accordingly, plaintiff is ordered to show cause within twenty-one days why this case should not be dismissed for failure to prosecute and failure to comply with local rules. Should plaintiff wish to continue with this lawsuit, he shall file, within twenty-one days, an opposition or statement of non-opposition to defendants' motion.

Plaintiff asks that the court appoint counsel. ECF No. 27. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request that an attorney voluntarily represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1). *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. *Id.* Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under *Palmer*, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for the appointment of counsel, ECF No. 27, is denied.

2. Plaintiff is ordered to file a response to defendants' motion and a response to the court's order to show cause within twenty-one days of this order.

3. Failure to comply with this order will result in a recommend that this action be dismissed for failure to comply with court orders and failure to prosecute.

IT IS SO ORDERED.

Dated:   December 13, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3