1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ALFRED FITZGERALD HOOD,              Case No.  2:23-cv-1980-KJM-JDP (P)

12                    Plaintiff,

13        v.                              FINDINGS AND RECOMMENDATIONS

14   ROSEN, *et al.*,

15                    Defendant.

16

17

18        Plaintiff, a former state prisoner proceeding pro se, alleges that defendants Michael

19   Anderson, Casey Mara, and Joseph Patton—all police officers with the Roseville Police

20   Department—used excessive force against him during his arrest and carried out an illegal search

21   and seizure of his vehicle.  He also alleges that Anderson failed to intervene in these unlawful

22   events.[1]  ECF No. 17.  Defendants move to dismiss, ECF No. 26, plaintiff has filed an opposition,

23   ECF No. 31, and defendants have filed a reply, ECF No. 32.[2]  Plaintiff also filed a motion for a

24   _____

25        [1] Plaintiff further alleged that the City of Roseville violated his rights by falsely charging
     him in connection with the incidents alleged in the second amended complaint.  ECF No. 17 at 5.
26   Following screening under 28 U.S.C. § 1915(e), ECF No. 18, the district court dismissed this
     false prosecution claim, ECF No. 22.
27        [2] Plaintiff also filed an unauthorized sur-reply.  ECF No. 33.  While the Local Rules and
     Federal Rules do not recognize the right to file a sur-reply, considering plaintiff's pro se status, I
28   have considered the arguments raised in plaintiff's sur-reply.  Nothing therein alters my analysis.

                                        1

1    temporary restraining order ("TRO").  ECF No. 34.  After review of the pleadings, I recommend

2    that defendant's motion to dismiss be denied.  I also recommend that plaintiff's motion for a TRO

3    be denied.

**Background**

4

5    **I.    Allegations**

6        Plaintiff alleges that on July 31, 2020, at approximately 1:30 a.m., he was asleep in his

7    vehicle parked in a driveway with music playing.  ECF No. 17 at 3.  A noise complaint was called

8    in to the police, and Mara arrived on scene.  *Id.* at 3-4.  He approached plaintiff's vehicle, noticed

9    plaintiff asleep, and called for additional officers.  *Id.*  Approximately twenty minutes later,

10   Anderson, Patton, and two others arrived.  *Id.*  Plaintiff alleges that defendants did not attempt to

11   awaken him.  *Id.*  Instead, he alleges, he awoke to Patton sitting in the passenger seat with a gun

12   pointed at his chest, with Patton yelling threats.  *Id.* at 3-4.  Plaintiff alleges that his driver's side

13   window was open and that Mara punched him in the face through this open window.  *Id.* at 4.

14   Mara then ripped plaintiff's shirt off, pulled him from his vehicle, and slammed him to the

15   ground.  *Id.*  Plaintiff alleges that he was then taken to jail, where he was charged with gun and

16   ammunition charges and two counts of resisting arrest.  *Id.* at 4-5.  According to plaintiff, officers

17   had no right to enter or search his vehicle; he notes that he was not on parole or probation.  *Id.* at

18   4.  He alleges that Anderson orchestrated this event.  *Id.*  He claims to have suffered bruising to

19   his face and fractured ribs.  *Id.* at 3.

20   **II.    Criminal Conviction**

21       Plaintiff proceeded to trial on the charges stemming from his arrest.  ECF No. 17 at 5; *see*

22   *also* ECF No. 26-2 at 4.[3]  The jury convicted him of being a felon in possession of a firearm in

23

24       [3] Defendants ask this court to take judicial notice of the state appellate court's opinion
     affirming plaintiff's criminal convictions related to the events outlined in the complaint.  ECF No.
25   26-2.  Plaintiff does not oppose defendants' request.  ECF Nos. 31 & 33.  Because plaintiff does
     not contest the authenticity of the opinion and the opinion is a matter of public record, I will take
26   judicial notice of the state appellate opinion attached to defendants' opposition.  *See Lee v. City of*
     *Los Angeles*, 250 F.3d 668, 688-90 (9th Cir. 2001) (noting courts may judicially notice material
27   outside the complaint on a motion to dismiss where the authenticity of the attached documents is
     uncontested or is a matter of public record).
28

1   violation of California Penal Code § 29800(a)(1), and of being a felon in possession of

2   ammunition in violation of California Penal Code § 30305(a)(1), ECF No. 26-2 at 4.  The jury

3   acquitted plaintiff of resisting arrest, ECF No. 17 at 5.  The jury found that plaintiff possessed a

4   firearm, and the trial court determined: that plaintiff had two prior felony convictions, that his

5   prior convictions were numerous or of increasing intensity, and that he had served a previous

6   term of imprisonment.  ECF No. 26-2 at 4.  Ultimately, on January 6, 2023, the trial court

7   sentenced plaintiff to three years in prison for the firearm conviction and eight months for the

8   ammunition conviction.  *Id.*  The court then suspended execution of the sentence, placing plaintiff

9   on formal probation for two years.  *Id.*

10      At some point after plaintiff's probationary sentence began, the state petitioned to revoke

11   his probation based on alleged probation violations.  *Id.*  The trial court found that plaintiff

12   violated probation, and it declined to reinstate probation and lifted the stay on plaintiff's three-

13   years-and-eight-months sentence.  *Id.*

14      **III.     Procedural History**

15      Plaintiff, then incarcerated, filed his original complaint on September 13, 2023.  ECF No.

16   1.  In plaintiff's second amended complaint, which is the operative complaint, he alleges:

17   (1) excessive force, (2) an illegal search and seizure of his vehicle, and (3) failure to intervene—

18   against Anderson—for being present and orchestrating the prior two counts, all in violation of the

19   Fourth and Fourteenth Amendments.  ECF No. 17; *see* ECF No. 18 at 3.

20      Defendants have moved to dismiss plaintiff's second amended complaint.  ECF No. 26.

21   They argue that the second amended complaint must be dismissed because: (1) plaintiff's false

22   arrest claim is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994); (2) the excessive force and

23   unlawful search and seizure claims are barred by the applicable statute of limitations; (3) the

24   operative complaint fails to comply with Rules 8(a)(2) and 12(b)(6); and (4) defendants are

25   entitled to qualified immunity on the excessive force and illegal search and seizure claims.  ECF

26   No. 26-1 at 5-10.  None of these arguments is availing.

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Motion to Dismiss**

### I.      Legal Standard

A complaint may be dismissed under Rule 12(b)(6) for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).  Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co.*, 710 F.3d at 956. Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

### II.      Discussion

#### A.   *Heck* Bar

Defendants first argue that plaintiff's "false arrest claims" are barred under *Heck*.  ECF No. 26-1 at 5.  This argument fails.

*Heck* bars § 1983 damage claims for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless the plaintiff first proves that the conviction or sentence was reversed, expunged, or otherwise invalidated. *Heck*, 512 U.S. at 486-87.  When a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment

1    in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence.  *Id.* at

2    487.  If so, the complaint must be dismissed unless the plaintiff can demonstrate that the

3    conviction or sentence has already been invalidated.  *Id.*; *see also Edwards v. Balisok*, 520 U.S.

4    641, 643, 649 (1997).  But if the district court determines that the plaintiff's action, even if

5    successful, will not demonstrate the invalidity of any outstanding criminal judgment against the

6    plaintiff, the action should be allowed to proceed—in the absence of some other bar to the suit,

7    such as parallel state-court proceedings.  *Heck*, 512 U.S. at 487 & n.8 (citing *Colorado River*

8    *Water Conservation Dist. v. United States*, 424 U.S. 800 (1976)).

9         In the current case, defendants argue that plaintiff's false arrest claim is *Heck*-barred.

10   ECF No. 26-1 at 5.  However, plaintiff's operative complaint does not allege any false arrest

11   claims.  *See* ECF No. 17.  Instead, plaintiff's claims center on excessive force used during arrest,

12   which *Heck* generally does not bar, *see Hooper v. Cnty. of San Diego*, 629 F.3d 1127, 1133-34

13   (9th Cir. 2011) (finding that a conviction for resisting arrest did not result in *Heck* bar on claim

14   for excessive force during arrest "when the conviction and the § 1983 claim are based on different

15   actions during 'one continuous transaction'"); an illegal search and seizure of his vehicle; and

16   Anderson's failure to intervene, ECF No. 17 at 3-4.  Defendants' *Heck*-based contentions should

17   be denied.[4]

18                                    **B.  Statute of Limitations**

19        Defendants contend that the statute of limitations has run on plaintiff's claims.  ECF No.

20   26-1 at 6.  They argue that plaintiff's claims accrued on the date of the alleged events—July 31,

21   2020—and so plaintiff's complaint, originally filed on September 13, 2023, was filed over a year

22   past the two-year statute of limitations.  *Id.*  This argument also fails.

23        While generally a two-year statute of limitations applies, California law extends the

24   statute of limitations by two years for inmates serving a sentence of less than life without the

25   possibility of parole.  *See* Cal. Civ. Proc. Code § 352.1(a).  And California Civil Procedure Code

26

27        [4] The court notes that defendants only alleged plaintiff's claims related to a "false arrest"
     were *Heck*-barred.  ECF No. 26-1 at 5.  The court takes no position on whether other claims could
28   be *Heck*-barred.

1    section 352.1's tolling provisions apply equally to pretrial detainees and state prisoners.  *See*

2    *Elliott v. City of Union City*, 25 F.3d 800, 802-03 (9th Cir. 1994); *Mosteiro v. Simmons*, No. 22-

3    16780, 2023 WL 5695998, at *4 (9th Cir. Sept. 5, 2023); *Gosztyla v. French*, No. 2:21-cv-01403-

4    DJC-EFB (PC), 2024 WL 1908603, at *2 (E.D. Cal. May 1, 2024).  Since plaintiff was

5    incarcerated when he filed his complaint, the applicable statute of limitations had not expired.

6                       **C.  Legal Theory & Failure to State a Claim**

7            Defendants argue that plaintiff's claims are impermissibly vague, failing to contain a

8    "short and plain statement" as required by Rule 8(a)(2).  ECF No. 26-1 at 6-7.  They also

9    cursorily contend that plaintiff fails to state a claim upon which relief could be granted under

10   Rule 12(b)(6).  *Id.*  Neither of these contentions holds merit.

11           On the form complaint, plaintiff indicated that his Fourth and Fourteenth Amendment

12   rights were violated, checking the box "illegal search and seizure."  ECF No. 17 at 3.  He also

13   alleged excessive force during his arrest, and that Anderson arranged these acts of alleged

14   misconduct.  *Id.* at 3-4.  Despite defendants' argument that they cannot guess the nature of

15   plaintiff's claims, it is sufficiently evident that plaintiff is alleging Fourth and Fourteenth

16   Amendment violations related to the force used during his arrest, an illegal search and seizure of

17   his vehicle, and Anderson's failure to intervene.  *Id.*

18           Additionally, plaintiff sufficiently alleges these Fourth and Fourteenth Amendment claims

19   in the operative complaint.  The Fourth Amendment guarantees "[t]he right of the people to be

20   secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."

21   U.S. Const. amend. IV.  "The essential purpose of the proscriptions in the Fourth Amendment is

22   to impose a standard of 'reasonableness' upon the exercise of discretion by government officials,

23   including law enforcement agents, in order to safeguard the privacy and security of individuals

24   against arbitrary invasions."  *Delaware v. Prouse*, 440 U.S. 648, 653-54 (1979) (internal

25   quotation marks omitted).  In assessing the permissibility of a particular law enforcement

26   practice, the court balances its intrusion on an individual's Fourth Amendment interests against

27   its promotion of legitimate governmental interests.  *Id.* at 654.

28

1    In his excessive force claim, plaintiff alleges that officers pointed a gun at his chest,

2    punched him in the face, pulled him from his vehicle, and slammed him onto the ground.  ECF

3    No. 17 at 3-4.  According to plaintiff: he was asleep in his vehicle prior to these actions, the

4    original complaint that brought officers to the area was a noise complaint, and he was neither on

5    probation nor parole.  *Id.* at 3-4.  Additionally, he alleges that he suffered bruising and fractured

6    ribs following this incident.  *Id.* at 3.  Taking the factual allegations as true and making all

7    reasonable inferences in his favor, plaintiff's allegations that defendants' actions were

8    unreasonably excessive under the circumstances state a claim.[5]

9    Additionally, warrantless searches and seizures are presumed to be unreasonable unless

10    they fall within "a few specifically established and well-delineated exceptions."  *United States v.*

11    *Scott*, 705 F.3d 410, 416 (9th Cir. 2012).  Under *Terry v. Ohio*, a warrantless temporary seizure is

12    reasonable under the Fourth Amendment if law enforcement officers have "reasonable

13    suspicion"—that is, "some objective manifestation" under the circumstances—that the person has

14    committed, or is about to commit, a crime.  *See United States v. Cortez*, 449 U.S. 411, 417

15    (1981); *Terry v. Ohio*, 392 U.S. 1, 30 (1968).  Additionally, under the "automobile exception,"

16    police officers may conduct a warrantless search of a vehicle "if there is probable cause to believe

17    that the vehicle contains evidence of a crime."  *Scott*, 705 F.3d at 417.

18    As alleged, plaintiff was asleep in his car when officers arrived, forced him from his

19    vehicle, and arrested him.  ECF No. 17 at 3-4.  Officers had neither a warrant nor reasonable

20    suspicion to believe that he had committed or was about to commit a crime.  *Id.*  Additionally, the

21    operative complaint does not demonstrate that officers had probable cause to believe that the

22    vehicle contained evidence of a crime, especially considering that the original complaint that

23    brought officers to the scene was a noise complaint.  *Id.*

24    Finally, police officers have a duty to intervene when their fellow officers violate an

25    individual's constitutional rights.  *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000).

26    ───────────────
27    [5] Defendants appear to acknowledge as much in another section of their motion to dismiss, stating that "if [they had] pointed a gun at Plaintiff's chest, punched him in the face, and yanked him to the ground, then searched him and his vehicle merely because his music was too loud, that

28    could constitute a constitutional violation."  ECF No. 26-1 at 10.

1    An officer present at the scene who fails to take reasonable steps to intervene in another officer's

2    use of excessive force can be held liable for his inactions, *Kyles v. Baker*, 72 F. Supp. 3d 1021,

3    1040 (N.D. Cal. 2014) (citing *Gaudreault v. Municipality of Salem, Mass.*, 923 F.2d 203, 207 n.3

4    (1st Cir. 1990)), so long as the officer had a realistic opportunity to intervene, *Cunningham*, 229

5    F.3d at 1290.

6         Based on the current allegations, plaintiff has alleged that Anderson failed to intervene to

7    stop his fellow officers' use of excessive force.  ECF No. 17 at 4.  The allegations also suggest

8    that Anderson had an opportunity to intervene, as he was present during the complained of events.

9    *Id.*  For these reasons, plaintiff's second amended complaint survives defendant's Rule 12(b)(6)

10   challenge.

11                            **D.  Qualified Immunity**

12        Finally, defendants argue that they are entitled to qualified immunity on plaintiff's

13   excessive force and illegal search and seizure claims because plaintiff has not demonstrated that

14   his clearly established constitutional rights have been violated.  ECF No. 26-1 at 8-10.

15   Defendants argue that plaintiff was armed with a firearm at the time of his arrest, meaning Patton

16   was justified in pointing at gun at plaintiff's chest and Mara was justified in punching plaintiff in

17   the face, and that they were entitled to conduct a search of plaintiff's vehicle incident to the arrest.

18   *Id.* at 9-10.  Defendants rely on the judicially noticed appellate opinion affirming plaintiff's

19   convictions as support of their argument.  *Id.*

20        "Determining claims of qualified immunity at the motion-to-dismiss stage raises special

21   problems for legal decision making."  *Keates v. Koile*, 883 F.3d 1228, 1234 (9th Cir. 2018).

22   When qualified immunity is asserted in a motion to dismiss under Rule 12(b)(6), dismissal is not

23   appropriate unless the court can determine, *based on the complaint itself*, that qualified immunity

24   applies."  *O'Brien v. Welty*, 818 F.3d 920, 936 (9th Cir. 2016) (emphasis added) (internal

25   quotations and citations omitted).  If the operative complaint has even one allegation of a harmful

26   act that would qualify as a violation of a clearly established constitutional right, a plaintiff has the

27   right to move forward with his claims.  *Keates*, 883 F.3d at 1235.  There are two prongs in the

28   qualified-immunity inquiry: "(1) whether 'the facts alleged show the official's conduct violated a

8

1  constitutional right; and (2) if so, whether the right was clearly established' as of the date of the

2  involved events 'in light of the specific context of the case.'" *Tarabochia v. Adkins*, 766 F.3d

3  1115, 1121 (9th Cir. 2014) (internal quotation omitted).  The court must view the facts "in the

4  light most favorable to the injured party."  *Chappell v. Mandeville*, 706 F.3d 1052, 1058 (9th Cir.

5  2013) (citation omitted).

6       As discussed above, the first prong of the qualified immunity analysis is met here.  As for

7  the second prong, in the excessive force context the Ninth Circuit has held that it is clearly

8  established that using excessive force during an arrest violates the Fourth Amendment.  *Hopkins*

9  *v. Bonvicino*, 573 F.3d 752, 776 (9th Cir. 2009) (citing *Tennessee v. Garner*, 471 U.S. 1, 8-9

10  (1985)).  In fact, pointing a gun at "an apparently unarmed suspect during an investigation can be

11  a violation of the Fourth Amendment, especially where the individual poses no particular

12  danger," the crime under investigation was, at most, a misdemeanor, there were no exigent

13  circumstances apparent at the time of arrest, and the officers outnumbered the plaintiff.  *Robinson*

14  *v. Solano Cnty.*, 278 F.3d 1007, 1014-15 (9th Cir. 2002) (en banc).  Additionally, the act of

15  punching plaintiff and throwing plaintiff to the ground without first attempting a less violent

16  means of arrest for a nonviolent offense violates a clearly established Fourth Amendment right.

17  *Blankenhorn v. City of Orange*, 485 F.3d 463, 480-81 (9th Cir. 2007).

18       Here, plaintiff alleges that he was asleep in his car when he awoke to numerous officers

19  surrounding his vehicle.  ECF No. 17 at 3.  Patton entered plaintiff's car and was sitting in the

20  passenger seat with a gun pointed to plaintiff's chest, and Mara punched plaintiff in the face

21  through his open window.  *Id.* at 3-4.  Then they dragged him from his car and slammed him to

22  the ground.  *Id.*  Defendants allegedly took these actions in response to a simple noise complaint

23  and did not attempt nonviolent methods first.  *Id.*  And there is no indication that exigent

24  circumstances existed requiring this use of force.  *Id.*  Although defendants point the court to the

25  appellate opinion, which states that plaintiff possessed a firearm and ammunition, the opinion

26  does not address whether plaintiff had immediate access to these items or whether the items were

27  simply within plaintiff's vehicle.  *See* ECF No. 26-2 at 4-5.  Based on the allegations in the

28  complaint, defendants are not entitled to qualified immunity on the excessive force claims.

As for the illegal search and seizure claim, the Supreme Court has established that vehicle searches incident to arrest are not authorized "after the arrestee has been secured and cannot access the interior of the vehicle." *Arizona v. Gant*, 556 U.S. 332, 335 (2009).  As alleged, the search and seizure of plaintiff's vehicle occurred after he was arrested, when he would not have been able to access the vehicle interior.  Defendants' argument for qualified immunity on this claim fails.

**Motion for Temporary Restraining Order**

A party seeking a TRO must satisfy the same test required for the issuance of a preliminary injunction.  *See Lockheed Missile & Space Co. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Glossip v. Gross*, 576 U.S. 863, 876 (2015) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).  "[P]laintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction."  *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).  In addition to establishing irreparable harm, the injunctive relief sought must be related to the claims brought in the complaint.  *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").

Plaintiff requests a TRO against the defendants and the Roseville Police Department—a non-party to the current suit.  ECF No. 34.  He argues that the Roseville Police Department did not speak to him in a timely manner regarding a police harassment complaint in 2010 and, in February 2015, followed him for approximately one mile while plaintiff was driving.  *Id.* at 2.  He also asserts that the Roseville Police Department has yet to return his driver's license it confiscated in 2020.  *Id.* at 3.  He argues a TRO is necessary because Roseville Police Department does not "abide by the law," and defendants have committed an "obstruction of justice."  *Id.*

Plaintiff's motion for a TRO should be denied. The motion does not address any of the *Winter* factors, and it is plaintiff's burden to demonstrate that these factors warrant injunctive relief. *See Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010) ("'An injunction is a matter of equitable discretion' and is 'an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.'") (quoting *Winter*, 555 U.S. at 376, 381). The motion does not show that plaintiff will suffer irreparable harm absent the issuance of a TRO. The motion is also wholly unrelated to the to the claims brought in the complaint. *See Pac. Radiation Oncology, LLC*, 810 F.3d at 633. Additionally, plaintiff cannot enjoin the Roseville Police Department because it is not a party. *See Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

### III. Conclusion

Accordingly, it is RECOMMENDED that:

1. Defendant's motion to dismiss, ECF No. 26, be DENIED.

2. Plaintiff's motion for a temporary restraining order, ECF No. 34, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

1

2    IT IS SO ORDERED.

3

Dated:    March 3, 2025

4                                                    JEREMY D. PETERSON
                                                     UNITED STATES MAGISTRATE JUDGE
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28