UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALFRED FITZGERALD HOOD,

Plaintiff,

v.

ANDERSON, *et al.*,

Defendants.

Case No.  2:23-cv-1980-DJC-JDP (P)

ORDER

Plaintiff, proceeding *pro se*, brought this action alleging that defendants violated his rights by using excessive force against him and carrying out an illegal search of his vehicle.  Pending is his motion to compel and for sanctions, ECF No. 59, that defendants have opposed, ECF No. 61, and in support of which plaintiff has filed a reply, ECF No. 62.  The motion to compel is denied, but I decline to award defendants the costs incurred in opposing it.

Parties are obligated to respond to interrogatories to the fullest extent possible under oath, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) ("Objections should be plain enough and specific enough so that the court can understand in what way the interrogatories are alleged to be objectionable.").  A responding party is typically not required to conduct extensive research in order to answer an interrogatory, but reasonable efforts to respond must be undertaken.  *L.H. v. Schwarzenegger*, No. S-06-2042 LKK GGH, 2007 U.S. Dist. LEXIS 73752,

1

2007 WL 2781132, *2 (E.D. Cal. 2007).  Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(1)(A).

Here, plaintiff claims that defendants failed to respond to his discovery requests within the deadlines set by the court.  ECF No. 59 at 1.  He does not state specifically what or how many requests are at issue.  Regardless, in their opposition, defendants state that their responses to plaintiff's discovery were served in October 2025.  ECF No. 61 at 1-2.  In his reply, plaintiff acknowledges receipt of the responses, but argues that the responses were late and, as a consequence, he was prevented from obtaining unspecified information that is relevant to his claims.  ECF No. 62 at 1.

Plaintiff's motion to compel and for sanctions is denied.  He has failed to show that any of his discovery requests remain outstanding.  Additionally, although he claims that many of the responses were evasive or incomplete, *id.* at 1-2, he has not stated what specific discovery requests are at issue or how the responses offered by defendants thereto are inadequate.  Similarly, he has not offered specific argument showing that any lateness in tendering the responses prejudiced him.  Thus, he is not entitled to relief and his motion is denied.

I will deny defendants' request for an award of costs incurred in opposing plaintiff's motion to compel.  Defendants seek four hundred dollars in costs.  ECF No. 61 at 2.  Plaintiff, however, is proceeding *in forma pauperis*, and an award of costs would likely be an excessive financial burden and, therefore, unjust.  *See Hatcher v. Junes*, No. 2:19-cv-0793-AC (P) 2022 U.S. Dist. LEXIS 77894, *4 (E.D. Cal. Apr. 28, 2022) ("In this case the court concludes that a levy of costs on plaintiff, who is indigent, would place an excessive financial burden on her and is unlikely to be paid, and for these reasons would be unjust.").

Accordingly, it is ORDERED that:

1. Plaintiff's motion to compel and for sanctions, ECF No. 59, is DENIED.

2. I decline to award defendants their costs in opposing the motion.

IT IS SO ORDERED.

Dated:    May 6, 2026    _____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3